UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROCO, INC. and SONYA L. SMITH, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 14-cv-1065-JAR-TJJ |
| EOG RESOURCES, INC., | ) | |
| Defendant. | ) | |

**ORDER AND CASE MANAGEMENT SCHEDULING ORDER**

On February 17, 2016, the Court conducted a joint telephone Status Conference in this case and the case captioned, *Thelma Jean Lambert Living Trust v. Chevron U.S.A., Inc.*, D. Kan. Case No.14-1220-JAR-TJJ. With respect to both cases, the Court took up the potential impact of Plaintiffs' recent amendment of their complaint on the pending summary judgment briefing, class certification briefing, and case schedule generally, as well as the question of whether any additional discovery is needed as a result of the amendment. Plaintiffs Roco, Inc. and Sonya L. Smith appeared at the Status Conference through counsel, Rex A. Sharp, David E. Sharp, and Barbara C. Frankland. Defendant EOG Resources, Inc. appeared through counsel, James M. Armstrong, Daniel M. McClure, and Rebecca J. Cole.

At the joint Status Conference, the parties advised the Court regarding their respective positions on how the cases should proceed in light of the Court's Orders granting Plaintiffs' respective motions for leave to amend their complaints. Plaintiffs' position in this case is that Defendant's pending Motion for Summary Judgment as to Roco and Motion to Dismiss All Kansas Class Claims (ECF No. 69) (hereinafter "Defendant's Motion for Summary Judgment") should be withdrawn without prejudice or held in abeyance as premature until after the Court

rules on Plaintiffs' Motion for Class Certification (ECF No. 88). Plaintiffs contend that Defendant's Motion for Summary Judgment is prematurely and inappropriately seeking a determination on class-wide legal issues before the class has been certified. They argue that the Kansas breach of lease claim, originally asserted in their complaint, was amended by their recent amended complaint to allege that the claim includes the good faith and fair dealing component announced in the Kansas Supreme Court's July 2015 opinion, *Fawcett v. Oil Producers, Inc. of Kansas*,[1] and that Defendant's Motion for Summary Judgment does not address the amended claim. They further argue that even if the Court granted summary judgment in favor of Defendant on the Kansas Plaintiff's breach of lease claim, the Kansas plaintiffs would still have a Kansas Conservation Fee claim.

Conversely, Defendant's position is that the Court should first rule on its pending Motion for Summary Judgment and stay the briefing with respect to Plaintiffs' Motion for Class Certification and Plaintiff Class's Motion for Partial Summary Judgment on Leases in Connection with or in Aid of Class Certification (ECF No. 92) (hereinafter "Plaintiffs' Motion for Partial Summary Judgment"). Defendant claims it has asserted uncontroverted facts in its Motion for Summary Judgment, filed three months after the *Fawcett* opinion, that will support a ruling in its favor on the breach of lease claim asserted in Plaintiffs' amended complaint based upon a good faith and fair dealing component of the Marketable Condition Rule. Thus, Defendant argues *Fawcett* is likely to be determinative of the Kansas Plaintiff's breach of lease claim in this case and, if the Court grants summary judgment on that claim in favor of

[1] 352 F.3d 1032 (Kan. 2015).

Defendant, this will obviate the need to certify any Kansas-based breach of lease claims in this case.[2]

After hearing all of the arguments presented at the Status Conference,[3] the Court finds Defendant's Motion for Summary Judgment is not premature, as Plaintiffs contend. The original deadlines jointly proposed by the parties, and adopted by the Court, clearly contemplated that the first phase of this case would address class certification. The deadlines set were primarily keyed to the filing of a motion for class certification and did not include any deadline for the filing of motions for summary judgment. However, even though no dispositive motion deadline was proposed or set, Defendant was not precluded from filing an early motion for summary judgment. Under Fed. R. Civ. P. 56(b), unless a local rule or the court orders otherwise, "a party may file a motion for summary judgment at any time until 30 days after the close of discovery." The impact of Defendant filing its motion for summary judgment before class certification is merely that any dispositive ruling at this juncture could only be dispositive of the claims asserted by the named Kansas Plaintiff in this case.

Additionally, the Court finds Plaintiffs' argument that summary judgment is simply not appropriate before class certification unpersuasive under the facts and circumstances of this case. The Tenth Circuit has held that a district court is not constrained to rule on a class-certification motion before a summary-judgment motion.[4] One case from this District has found it is

---

[2] Defendant indicates that it intends to make payments to the lease owners for any Kansas Conservation Fee claims owed, which it contends will make those claims moot. Plaintiffs disagree that this will render these claims moot.

[3] As the Court was finalizing this Order, the parties sent emails with attachments purportedly supplementing their respective arguments at the Status Conference. The Court has not taken those emails and attachments into consideration in rendering its rulings herein.

[4] *See Ellis v. J.R's Country Stores, Inc.*, 779 F.3d 1184, 1207 (10th Cir. 2015) ("[plaintiff] has presented no convincing argument that the district court was somehow constrained to rule on the class-certification motion *before* the summary-judgment motion. We submit that she cannot make this showing

appropriate to address a pending motion for summary judgment prior to a motion for class certification.[5] In *Jamison v. Vatterott Educational Centers, Inc.*, the plaintiffs conceded that some of the claims should be dismissed on summary judgment and the pending summary judgment motion addressed the scope of the Kansas prohibition on educational malpractice claims, which was an issue previously addressed by the court.[6] The *Jamison* court concluded that "[a]s a practical matter, it is appropriate to clarify the nature and scope of the pending claims before determining their suitability for class action treatment."[7]

In another case reaching the opposite conclusion, *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*,[8] the court granted the defendant's motion to stay consideration of the plaintiff's motion for partial summary judgment until after ruling on the plaintiff's motion for class certification. The court stated it was "reluctant to rule on motions that encroach on the merits of a final decision before class certification."[9] It noted, however, that the advisory committee notes to Fed. R. Civ. P. 23(c)(1)(A) do not state whether the relaxed timing requirement—which changes the timing from "as soon as practicable" to "[a]t an early practicable time"—allows ruling on dispositive motions prior to class certification.[10] The court also noted that the "Federal Judicial Center endorses the position that the flexibility of Rule

---

because no such obligation existed.") (citing *Crowley v. Montgomery Ward & Co.*, 570 F.2d 877, 879 (10th Cir. 1978)).

[5] *See Jamieson v. Vatterott Educ. Centers, Inc.*, 259 F.R.D. 520, 525–26 (D. Kan. 2009), reconsideration granted in part, 259 F.R.D. at 549 (Aug. 21, 2009).

[6] *Id.* at 526.

[7] *Id.*

[8] No. 08-1330-JTM-KMH, 2015 WL 790081, at *2 (D. Kan. Feb. 25, 2015).

[9] *Id.*

[10] *Id.* (citing Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note to 2003 amendment).

23(c)(1) allows the court to rule on motions to dismiss or for summary judgment before certification."[11]

Unlike *Roderick*, where the plaintiff simultaneously filed its motion for class certification with two motions for partial summary judgment, Defendant filed the Motion for Summary Judgment in this case and filed it well before Plaintiffs filed their Motion for Class Certification. Moreover, in this case Defendant seeks summary judgment in light of the recently decided *Fawcett* Kansas Supreme Court opinion, which both sides acknowledge has significant implications in this case and which Defendant claims could be dispositive. The *Fawcett* opinion had not yet come down at the time the *Roderick* court granted the defendant's motion to stay rulings on the plaintiffs' partial summary judgment motions in that case.

Based upon the foregoing, the Court concludes that dispositive rulings may be made before class certification and the Court is not required to address Plaintiffs' Motion for Class Certification first. Under the circumstances presented in this case, the Court finds it appropriate to address whether summary judgment is proper on the named Kansas Plaintiff's breach of lease claim in light of the Kansas Supreme Court's *Fawcett* opinion, before determining whether the putative Kansas breach of lease claims are suitable for class action treatment.

Plaintiffs argue that, if Defendant prevails on its Motion for Summary Judgment as to only the named Kansas Plaintiff Roco, Inc., then Plaintiffs could simply file a new lawsuit with new Kansas class representative plaintiffs. Defendant disputes this, arguing that it is unlikely other putative class members with materially different leases could be identified and named as Kansas plaintiffs. Plaintiffs' argument on this point is not convincing, particularly in view of

---

[11] *Id.* (citing Barbara J. Rothstein & Thomas E. Willging, Fed. Judicial Ctr., *Managing Class Action Litigation: A Pocket Guide for Judges* 9 (3d ed. 2010)).

their arguments in support of class certification regarding commonality with respect to lease language, marketable condition, and damages.

The Court further finds that the goals of Fed. R. Civ. P. 1 to secure the just, speedy, and inexpensive determination of every action are best served in this case by staying all briefing with respect to both Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Partial Summary Judgment until *after* the Court rules on Defendant's Motion for Summary Judgment. There is no dispute that the July 2015 *Fawcett* opinion is significant to the Kansas breach of lease claim in this case. Defendant moved for summary judgment as to the Kansas Plaintiff Roco, Inc.'s sole breach of lease claim and to dismiss all Kansas class claims based on the *Fawcett* opinion, and Plaintiffs amended their complaint based upon it.

Given the significance of the *Fawcett* decision on the named Kansas plaintiff's breach of lease claim, as well as on the likely putative Kansas plaintiffs' breach of lease claims, the Court finds a ruling on Defendant's Motion for Summary Judgment will likely be pivotal in the case. As the complaint only asserts one count for breach of lease by the named Kansas Plaintiff, if Defendant prevails on its motion requesting summary judgment on that count, this may render a class certification ruling on the Kansas claims unnecessary. On the other hand, a ruling denying Defendant's Motion for Summary Judgment will likely provide an interpretation of *Fawcett* that gives the parties some guidance that is helpful in the future litigation of this case. The summary judgment motion can be fully briefed with minimal additional discovery over a brief period of time. Thus, the Court concludes it will conserve the parties' resources, promote judicial economy, and expedite resolution of this case for the Court to address the potentially dispositive issues raised in Defendant's Motion for Summary Judgment first and to stay the briefing with respect to Plaintiffs' Motion to Certify Class and Motion for Partial Summary Judgment.

Accordingly, the Court will first consider Defendant's Motion for Summary Judgment and stay all briefing with respect to Plaintiffs' Motion for Class Certification (ECF No. 88) and Plaintiffs' Motion for Partial Summary Judgment (ECF No. 92). To the extent necessary, responses to Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Partial Summary Judgment will be due 60 days after the Court rules on Defendant's Motion for Summary Judgment and replies will be due 45 days after the responses are filed.

The Court will also grant in part Plaintiffs' Motion for Additional Time Under Fed. R. Civ. P. 56(d) to Conduct Discovery (ECF No. 78). Plaintiffs confirmed at the Status Conference that they are only requesting the additional third-party discovery originally sought in their motion. As of the time of the filing of their motion on November 18, 2015, Plaintiffs had already issued and served some subpoenas and were working with the subpoenaed third parties to obtain documents and set depositions. From the time Plaintiffs filed their motion to the February 17 Status Conference, more than 90 days had already passed during which Plaintiff could have obtained the requested third-party discovery. The Court will therefore grant Plaintiffs' request for additional time to conduct discovery but for less than the full 90 days originally sought. Plaintiffs shall have until **May 2, 2016** in which to complete the limited discovery described in the Declaration of Rex Sharp (ECF No. 79-1) and until **May 23, 2016** to file their response to Defendant's Motion for Summary Judgment. Defendant shall file its reply **45 days after the filing** of Plaintiffs' response.

The Court further vacates the deadlines set in the Amended Scheduling Order (ECF No. 67) and enters the following Case Management Scheduling Order, with the deadlines summarized in the table below:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Completion of discovery sought in Plaintiffs' Motion for Additional Time Under Fed. R. Civ. P. 56(d) (ECF No. 78) | **May 2, 2016** |
| Plaintiffs' Response to Defendant's Motion for Summary Judgment (ECF No. 69) | **May 23, 2016** |
| Defendant's Reply in support of its Motion for Summary Judgment | 14 days after filing of Plaintiffs' Response |
| Class Certification Response filed with all supporting evidence, including expert disclosures | 60 days after the Court rules on Defendant's Motion for Summary Judgment |
| Class Certification Reply filed with any rebuttal evidence, including rebuttal expert disclosures, if any | 45 days after filing of Class Certification Response |
| Completion of Class Certification discovery | 30 days after filing of Class Certification Reply |
| Motion for oral argument and/or for an evidentiary hearing | 7 days after filing of Class Certification Reply |
| Response to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 92) | 60 days after the Court rules on Defendant's Motion for Summary Judgment |
| Reply in support of Plaintiffs' Motion for Partial Summary Judgment | 45 days after filing of Response |
| Supplementation of disclosures | Per Rule and 40 days before deadline for completion of class certification discovery |
| Plaintiffs' Written Good-Faith Settlement Proposal | Already completed |
| Defendant's Written Good-Faith Counter-Proposal | **May 9, 2016** |
| Confidential Settlement Report to Magistrate Judge | 30 days after Defendant's Written Good-Faith Counter-proposal |
| Deadline to file motions to compel. The 30-day time limit in D. Kan. Rule 37.1 shall not apply. | **May 2, 2016**[12] |
| Email chambers of Magistrate Judge to schedule Phase II Scheduling Conference and submit proposed Phase II scheduling order for handling merits phase of remainder of case | 14 days after the conclusion of any interlocutory appeal from a decision on class certification under Fed. R. Civ. P. 23(f) (or 14 days after the expiration of the time for filing such an appeal if no appeal is filed) |

[12] This is the deadline previously agreed to by the parties and set in the Roco August 28, 2015 Amended Scheduling Order (ECF No. 67). This deadline remains unchanged absent the filing of a motion and further order.

IT IS SO ORDERED.

Dated this 1st day of March 2016 at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge