IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROCO, INC. and SONYA L. SMITH on behalf of themselves and all others similarly situated,

        Plaintiffs,

        v.

EOG RESOURCES, INC.,

        Defendant.

Case No. 14-1065-JAR-TJJ

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Unopposed Motion for Leave to File Under Seal and Conventionally File (Doc. 115). Plaintiffs seek leave to file the entire 57-page response brief, as well as 30 exhibits under seal. In support of the motion to seal, Plaintiffs states that the brief and exhibits include material designated "Confidential" pursuant to the Protective Order, and should thus be sealed in their entirety.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[1] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[2] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[3] "The Court should seal

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3] *Id.*; *see also United States v. Apperson*, Nos. 14–3069, 14–3070, 2016 WL 898885, at*6 (10th Cir. Mar. 9, 2016).

1

documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture."[4]

While the Court is cognizant that this motion is unopposed, it cannot grant the motion for leave to seal the entirety of the brief and accompanying exhibits identified in Plaintiffs' motion based solely on the fact that some of those documents contain information covered by the protective order.  First, the Court cannot discern from reviewing these materials why all of the requested exhibits must be filed under seal.  Several exhibits are record documents from other court cases—it is not clear why these would not be part of the public record and thus inappropriate for sealing.  Likewise, it is not clear from the motion why declarations and deposition testimony from this case must be sealed in their entirety.  Most importantly, the Court cannot make a finding that the lengthy response brief is properly sealed in its entirety.  It appears that this brief could be presented in redacted form to account for some references to confidential material.  If the parties agree that the brief should be filed in redacted form, Plaintiffs may file a motion for leave to file a redacted brief, with the unredacted copy provided separately to the Court.  If the Court grants leave to file the redacted brief, the Clerk's office will then file the unredacted copy as a sealed attachment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Unopposed Motion for Leave to File Under Seal and Conventionally File (Doc. 115) is **granted in part and denied in part**.  Plaintiffs' motion to seal is **denied without prejudice**.  Plaintiffs' motion to conventionally file Exhibits 11, 24, and 26 is **granted**.

**IT IS SO ORDERED.**

Dated: May 26, 2016

---

[4]*McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE