IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROCO, INC. and SONYA L. SMITH on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**EOG RESOURCES, INC.,**<br><br>Defendant. | Case No. 14-1065-JAR-TJJ |

### MEMORANDUM AND ORDER

Before the Court are the following motions: (1) Plaintiffs' Motion for Leave to File Sur-Reply (Doc. 133); (2) Defendants' Motion for Leave to File Response to Plaintiffs' Sur-reply (Doc. 144); and (3) Plaintiffs' Motion to File Under Seal Response to Defendant's Motion to File a Sur-Sur-reply (Doc. 147).[1]

**I.      Motions for Additional Briefing**

D. Kan. Rule 7.1 governs briefing on motions and contemplates a memorandum in support of a motion, a response, and a reply.[2] Further briefing is typically not allowed except in rare circumstances.[3] "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply," whether the new material is in the form of evidence or legal arguments.[4]

---

[1] The parties refer to Defendant's proposed brief in different ways, creating confusion. For ease of reference, the Court refers to this brief as a sur-response.

[2] D. Kan. R. 7.1(c).

[3] *See COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1239 (D. Kan. 2014).

[4] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

The underlying motion for summary judgment is in a rare procedural posture. After the initial memorandum was filed, Plaintiffs were allowed leave to amend the complaint and conduct some additional limited discovery before responding to the motion for summary judgment under Fed. R. Civ. P. 56(d). As a result, almost eight months passed between the filing of the original motion and the response. Understandably, the reply memorandum was lengthy, and was the first briefing opportunity for Defendants to address and respond to the additional evidence amassed by Plaintiffs during their Rule 56(d) discovery process, which was presented in a lengthy response brief that added significant factual material to the dispute as compared to the original motion. The Court finds that both sides should be afforded an opportunity to present one additional brief on these issues and grants both parties' requests to file the sur-reply and sur-response attached to their motions for leave.

## II.     Motion for Leave to File Under Seal

Plaintiffs have filed a motion to file under seal their response to Defendants' motion for leave to file a sur-response, as well as several proposed exhibits. The proposed sealed response is twenty-four pages in length and solely addresses the substantive arguments provided by Defendants in their proposed sur-response. It does not address the singular question presented by the motion for leave: whether Defendants should be granted leave to file the document. In the Court's experience, this singular question can be addressed in two pages or less and generally does not require sealing or evidentiary support because it is not a substantive question. As stated above, the Court has reviewed the proposed additional briefing by both sides and finds that in this unique case, both briefs should be filed and considered. However, the proposed sealed brief in opposition to Defendant's motion for leave to file a sur-response is an inappropriate attempt to

file another substantive brief on the motion, which this Court will not allow.  Briefing on the summary judgment motion is closed.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to File Under Seal Response to Defendant's Motion to File a Sur-Sur-reply (Doc. 147) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Sur-Reply (Doc. 133), and Defendants' Motion for Leave to File Response to Plaintiffs' Sur-reply (Doc. 144) are **granted**.  The parties' shall file their respective proposed briefing forthwith.

Dated: September 15, 2016

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE

---

[5] By closing the briefing on this motion, the Court does not foreclose the parties from utilizing the procedure set forth in D. Kan. 7.1(f) when "pertinent and significant authorities come to a party's attention after the party's final brief has been filed."